IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff <br><br> v. <br><br> **ORLANDO ROSA RODRIGUEZ** <br><br> Defendant | CRIM. NO. 98-009(CCC) |

### UNITED STATES REPLY TO DEFENDANT'S MOTION ENTITLED
### NUNC PRO TUNC AMENDMENT OF JUDGEMENT IMPOSED ON MAY 21, 2002

COMES NOW the United States of America, by and through the undersigned attorneys, and very respectfully submits the following reply:

1.  Defendant Rosa-Rodriguez requests this Honorable Court to amend its sentence and order the Bureau of Prisons to credit him in the instant case with the time he has served in Criminal 97-82 (SEC), because the sentence was to be served concurrently. Defendant's motion should be denied for the following reasons: a) he is challenging the manner in which his sentence is being executed. Such a challenge should be brought through a petition for relief pursuant to Title 28, United States Code, Section 2241; and b) the manner in which a sentence is to be credited is a manner to be determined by the Bureau of Prisons.

2.  To the extent the defendant is seeking an Order from this Honorable Court to amend his sentence by granting jail time credit, pursuant to Title 18, United States Code, Section 3582(b), he is challenging the manner in which his sentence is being executed. Such a challenge should be brought through a petition for relief pursuant to Title 28, United States Code, Section 2241. See Chambers v. United States, 106 F.3d 472, 474 (2nd Cir. 1997) ("A challenge to the execution of a sentence . . . is properly filed pursuant to Section 2241"). A section 2241 petition is a civil proceeding in which a prisoner may (1) challenge the manner in which his sentence is being executed; (2)

challenge the revocation of his parole; or (3) claim he is being held after the expiration of his sentence. Martorana v. United States, 873 F.2d 283, 285 (11th Cir. 1989). This matter should have been filed as a petition for relief pursuant to Section 2241, and not as a criminal motion.

3. After sentencing, the Attorney General, through the Bureau of Prisons, is responsible for administering the sentence. Title 18, United States Code, Section 3621(a); United States v. Wilson, 503 U.S. 329, 331 (1992) [citing Section 3621(a)]. In doing so, the Attorney General, through the Bureau of Prisons, is responsible for administering Section 3585(b) and determining when federal inmates are entitled to prior custody credit. Wilson, 503 U.S. at 333-35; Dawson v. Scott, 50 F.3d 884, 889 (11th Cir. 1995) (citing Wilson). Consequently, the Bureau of Prisons has policies governing the calculation of inmate sentences and granting of prior custody credit. See Program Statement No. 5880.28, Sentence Computation Manual (CCCA of 1984) (Sept. 20, 1999) (PS 5880.28). In Wilson, the Supreme Court acknowledged the validity of PS 5880.28. Wilson, 503 U.S. at 335-36 (noting Bureau of Prisons developed detailed procedures & guidelines for determining prior custody credit and prisoners are afforded administrative review of credit computations).

Although the courts retain final authority regarding matters of constitutionality and statutory construction, BOP's policy regarding the award of prior custody credit has been upheld by the federal courts and is entitled to judicial deference. See Reno v. Koray, 515 U.S. 50 (1995); Rodriguez v. Lamer, 60 F.3d 745 (11th Cir. 1995) [citing Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc. 467 U.S. 837 (1984)]. The Bureau's application of Section 3585(b) is consistent with the plain meaning of the statute and the Congressional intent. Consequently, the Bureau's policy and calculation of the Petitioner's prior custody credit is entitled to deference.

3. Notwithstanding the above, should the Court entertain defendant's request, Title 18, <u>United States Code</u>, Section 3585(b) clearly states that "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences...**<u>that has not been credited toward another sentence</u>**." (emphasis added).   Title 18, <u>United States Code</u>, Section 3585(b) **states that a defendant shall be given credit for a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed**. Therefore, the term of imprisonment the defendant was serving in Criminal No. 97-82 (SEC) while awaiting to be sentenced in Criminal No. 98-009 (CCC) can not be credited to his sentence in Criminal No. 98-009 (CCC) because he can not obtain credit for a sentence he was not serving at the time.

WHEREFORE, the United States prays that this Honorable Court deny Petitioner's motion because , the venue is improper, and finally the Bureau of Prisons determination is substantiated on Title 18, <u>United States Code</u>, Section 3585 (b)(1).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 23rd day of August, 2005.

H.S. GARCIA
United States Attorney

/s/Sonia Torres-Pabón
Sonia Torres-Pabón
USDC No. 209310
Chief, Criminal Division
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Street
Hato Rey, Puerto Rico 00918
Tel. (787) 766-5656
Fax.(787) 766-6222
<u>Sonia.Torres@usdoj.gov</u>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Frank Inserni, Esq.

At Hato Rey, Puerto Rico, this 23rd day of August 2005.

/s/Sonia Torres-Pabón
Chief, Criminal Division