**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIM. NO. 98-009 (SEC) |
| V. | <u>DEFENDANT #10</u> |
| **ORLANDO ROSA RODRIGUEZ** | |
| Defendant | |

**MOTION TO SUPPLEMENT AND CLARIFY DOCKET #597,
REQUEST FOR LEAVE TO REPLY TO DOCKET #598 AND
REPLY TO PROSECUTION'S RESPONSE TO DOCKET #597**

TO THE HONORABLE COURT:

Now comes the above-captioned defendant through his undersigned counsel and respectfully states and prays as follows:

**A. CLARIFICATION OF DOCKET #597 (Motion For Nunc Pro tunc amendment of Judgment Imposed on May 21, 2002., filed on August 10, 2005).**

1. In the title of Docket #597 and at paragraph #3 of said motion Docket 597 the appearing defendant erroneously stated that this Honorable Court sentenced him in the above captioned case on May 21, 2002. Said statement misstates the record and the docket and an apology for such mistake is offered. On Said date the court issued an amended judgment.

2. The correct date of the imposition of sentence in this case was September 29, 2000 (Docket #494 (minutes). The judgment was entered on October 6, 2000 (Docket #495). He respectfully prays that Docket

#597 be ordered amended retroactively so as to correct this mistaken date of the imposition of the original sentence in this case.

3.  The appearing defendant also wishes to clarify for the record that:

a) The amended sentence imposed on May 21, 2002 and entered on July 9, 2002 (docket #551) was the result of a Rule 35 motion filed by the prosecution in Docket #549, and that

b) The defendant was incarcerated at MDC Guaynabo ever since June 4, 1997 and that the time he spent at MDC Guaynabo from said date until Judge Casellas's Sentence imposed on May 11, 1999 (23 months and seven days), was not credited and cannot be credited under federal law to his two concurrent sentences being served at this time,

c) AUSA Sonia Torres Agreed to Joint Request for Extension For Purposes of Rule 35 considerations and to consolidate Cases for This Purpose (See:  Docket # 38)

**B. REQUEST FOR LEAVE TO REPLY TO THE PROSECUTION'S RESPONSE AND REPLY THERETO**

4.  Mr. Rosa Rodríguez respectfully submits to the Honorable Court that issues of liberty and due process under the constitution of the United States are implicated in the response by the prosecution that merit a reply.  Therefore, he respectfully prays that the subsequent reply to the prosecution's response be allowed.  He respectfully moves the court's wisdom and discretion to allow this reply and grant the remedy originally sought on August 10, 2005 in docket #597.

**C.  REPLY TO PROSECUTIONS RESPONSE**

5.  The prosecution in this case, particularly AUSA Sonia Torres, agreed with the defendant and the Courts so ordered that this defendant's sentences be served concurrently.  This is an undeniable fact of the record in both cases.  She also agreed that they be consolidated as already expressed and referred to Docket #132.  Such consolidation was ordered granted by Hon. Carmen C. Cerezo on August 19, 1998.

6. The appearing defendant respectfully submits to the Honorable Court that the prosecution is ***estopped*** from opposing what it agreed to in the first place.  It cannot go against its own acts and therefore their opposition to the defendant's request that the sentence be amended to conform with the concurrency ordered by both judges lacks merit and should be denied.

7.  The prosecution cannot now come to try and straightjacket the Honorable Court against its own acts, to wit, joint agreements and authorizations with defense counsel for consolidation and concurrency, by now alleging that the defendant is challenging the way the sentence is being executed.

8.  The prosecution has cited the Habeas Corpus statute, 28 USC Sec. 2241 to refute the defendant's request that his sentence in the above captioned case be amended so as to reflect the spirit and nature of the concurrency ordered by Hon. Salvador E. Casellas in Cr. No. 97-82 and Hon. Carmen C. Cerezo in this case, agreed by the prosecution itself

in both cases.

9. Nowhere in said statute is the phrase "challenge to the execution of a sentence" used. On the contrary, the defendant is pursuing the only available remedy within the context of concurrent sentences as suggested by the MDC-Guaynabo's Officer in charge of sentence computations. At no time has he challenged the execution of his sentence by the BOP.

10. Furthermore the prosecution moved for reductions of the defendant's sentences under Guidelines 5k1.1 and Rule 35 and has undeniably stood by the concurrency ordered in both sentences. The defendant respectfully submits that the prosecution by filing motions under both guideline 5k1.1 and rule 35 (seeking concurrence for both sentences) in this case totally lost its unilateral power to judge or decide what the defendant's sentence should be and turned over such discretion and power to the Honorable Court. It cannot now come to oppose what is the result of its own decision to plead that the defendant serve both sentences concurrently.

11. Black's Law Dictionary, in its 1968 4th Revised edition defines concurrent at page 363 as follows:

> **"Running together; having the same authority; acting in conjunction; agreeing in the same act or opinion; pursuit of same course; contributing to same event; contemporaneous. Brinkman v. Morgan, C. C. A. Kan., 253 F. 553, 554; co-operating, accompanying, conjoined, associated, concomitant, joint and equal, existing together, and operating in the same subject. United in agreement."**

At page 1529 it defines "sentences to run concurrently"" as follows:

**"Merely means that accused is given privilege of serving each day a portion of each sentence. <u>Nishimoto v. Nagle</u>**, C. C. Ca., Cal. 44 F.2d 304, 305"

The 8th Edition (2004) of Black's law dictionary defines concurrent as follows:

**"adj. 1. Operating at the same time; covering the same matter. 2. having authority on the same matters."**

12. Amending the sentence nunc pro tunc as requested would make his sentences fully concurrent and in tune with the definitions above in the context of giving the defendant the **privilege of serving each day a portion of each sentence** earned" by him and recognized and awarded by the prosecution in its 5k1.1 and rule 35 motions.

13. The appearing defendant respectfully submits that the agreement with the prosecution for the concurrency of all sentences, and the Judgments and Amended Judgments in both cases, at page two of the same, expressly call for the concurrency of both sentences. Judge Casellas orders it prospectively. Hon. Carmen Cerezo on account of the fact that the sentence in this case is subsequent to Judge Casellas's sentence orders it retroactively.

14. The concurrency expressed in both sentences denotes the intent and language ordering that Mr. Rosa Rodriguez be credited for the time he has been in federal custody since he was sentenced by Judge Casellas on May 14, 1999.

15. In light of the above, within the contents and the spirit of the

literal language of both sentences calling for concurrency with each other, and in the spirit of the consolidation of both cases ordered by this Honorable Court, Mr. Rosa Rodríguez respectfully prays that the Honorable Court issue an order to amend its May 21, 2002 (entered July 9, 2002) Amended Judgment in the captioned case so that its issuance and effectiveness regarding the concurrency with Cr. No. 97-082 (SEC) be made "nunc pro tunc" to May 14, 1999, the date of imposition of sentence in Cr. No. 97-082 by Hon. Salvador E. Casellas, SUSDJ.

WHEREFORE, pursuant to the spirit and contents of Rules 2 and 36 of the Federal rules of Criminal Procedure, and in the interest of justice and the defendant's right to due process of law and assistance of counsel under the Fifth and Sixth Amendments to the United States constitution, he very respectfully prays that the prosecution's response be denied and that the request made in paragraph 15 above be granted.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico this 26th day of August 2005.

I HEREBY CERTIFY THAT ON THIS SAME DAY THIS MOTION HAS BEEN ELECTRONICALLY FILED THROUGH THE ECF SYSTEM WITH THE CLERK OF THE COURT.

S/ FRANK D. INSERNI MILAM
**FRANK D. INSERNI MILAM**
**USDC-PR 127807**
P O BOX 193748, HATO REY PR 00919-3748
TELEPHONES (787)-759-7572/763-3851/FAX: 787-763-5223
E-mail: finserni@prtc.net

motions\Rosa Rodriguez, O. supplmentreqamend nunc pro tunc 82605