IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ORLANDO ROSA-RODRIGUEZ,<br><br>Defendant. | Criminal No. 98-009 (CCC) |

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION REQUESTING ORDER TO ENTER A NUNC PRO TUNC AMENDMENT**

TO THE HONORABLE COURT:

COMES NOW the United States of America, through the undersigned attorneys, and very respectfully states, alleges, and prays as follows:

1. On February 9, 2006, the defendant, Orlando Rosa-Rodríguez (hereinafter "the defendant"), *pro se*, filed a Motion Requesting Order to Enter a Nunc Pro Tunc Amendment, pursuant to the facts stated in the August 2005 motions submitted by the defendant.

2. The defendant, on August 8, 2005, filed a Motion for Nunc Pro Tunc Amendment of Judgment Imposed on May 21, 2002, which was replied by the government on August 23, 2005. Furthermore, on August 26, 2005, the defendant submitted a Motion to Supplement and Clarify Docket #597, Request for Leave to Reply to Docket #598 and Reply to Prosecution's Response to Docket #597.

3. The gist of the defendant's pending motions is that the Federal Bureau of Prisons (BOP) should credit the time the defendant served in Criminal Case No. 97-082 (SEC) – prior to

sentencing in the Criminal Case No. 98-009 – because the sentences were to be served concurrently. Specifically, the defendant argues that he is entitled to credit towards his 98-009 sentence for the time he has served since May 14, 1999, the date on which the 97-082 sentence was imposed.

  4. The Prison Litigation Reform Act (PLRA) provides that no action shall be brought with respect to prison conditions under section 1983 of Title 42, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. See 42 U.S.C. § 1997e(a).

  5. The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 534 U.S. 516, 532 (2002).

  6. The BOP administrative remedy procedure is codified in 28 C.F.R. §542.10, et seq., and provides formal review of any complaint which relates to any aspect of the inmate's confinement. This process requires that inmates first attempt informal resolution of their complaints by presenting an issue of concern informally to staff, and that staff attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. See 28 C.F.R. § 542.13.

  7. If informal resolution is insufficient to resolve the matter, the inmate may file a formal written Administrative Remedy Request with the Warden (BP-9) within twenty (20) days of the date on which the basis of the complaint occurred. See 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director (BP-10). If the inmate is dissatisfied with the regional response, he or she may file an

Appeal with the General Counsel (BP-11). Appeal to the General Counsel is the final administrative appeal in the BOP. See 28 C.F.R. § 542.15.

8. One of the major tenets behind the exhaustion requirement is the recognition that an agency should be given the opportunity to take corrective action in matters of administering its programs prior to reaching the federal court. Exhaustion affords corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. See Porter, *supra*, at 517.

9. The U.S. Supreme Court has held that the Attorney General, through the BOP, possesses the sole authority to make sentence computations. See 28 C.F.R.§ 0.96; United States v. Wilson, 503 U.S. 329, 337 (1992); United States v. Pineyro, 112 F.3d 43, 45 (2nd Cir. 1997). Although the courts retain final authority regarding matters of constitutionality and statutory construction, BOP's policy regarding the award of prior custody credit has been upheld by the federal courts and is entitled to judicial deference. See Reno v. Koray, 515 U.S. 50, 61 (1995).

10. Once administrative remedies are exhausted, prisoners may seek judicial review of any jail-time credit determination by filing a habeas corpus petition under 28 U.S.C. § 2241. See Rogers v. U.S., 180 F.3d 349, 358 (1st Cir. 1999). A Section 2241 petition is a civil proceeding in which a prisoner may (1) challenge the manner in which his sentence is being executed; (2) challenge the revocation of his parole; or (3) claim he is being held after the expiration of his sentence. *Id*, at 357; Chambers v. United States, 106 F.3d 472, 474 (2nd Cir. 1997); Martorana v. United States, 873 F.2d 283, 285 (11th Cir. 1989).

11.	A review of the BOP administrative remedy data system revealed that the defendant has not exhausted the administrative remedy procedure.  Since the defendant failed to complete the administrative procedure, the government submits that this Court lacks jurisdiction to entertain the defendant's request of prior custody time credit.

12.	Notwithstanding, if this Court were to conclude that the administrative remedies have been exhausted, the government submits that this matter should have been filed as a petition for relief pursuant to Section 2241, and not as a motion under the original criminal case.  Therefore, the defendant's nunc pro tunc motion should be denied.

13.	In the alternative, if the Court deems that a nunc pro tunc motion is the proper means to address the defendant's request, it is the government's position that the time served by the defendant prior to sentencing is not creditable.

14.	Pursuant to 18 U.S.C. § 3585(a), a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

15.	Section 3585(b) provides that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence**.  (Emphasis added.)

16.	On June 4, 1997, the U.S. Marshals arrested the defendant pursuant to an arrest

warrant issued on April 23, 1997 in Criminal Case No. 97-082. On May 14, 1999, the Court sentenced the defendant to imprisonment for a term of 120 months as to Count One (conspiracy to distribute narcotics), and 120 months as to Count Two (money laundering), to be served concurrently with each other, concurrently with any state sentence being served and concurrently with the sentence to be imposed in Criminal Case No. 98-009.

17. On October 6, 2000, while the defendant was in custody for unrelated federal charges, the Court in the above-captioned case sentenced the defendant to imprisonment for a term of 120 months as to Count One (conspiracy to distribute narcotics), to be served concurrently with the sentence imposed in Criminal Case No. 97-082.

18. Therefore, in accordance with Section 3585(b), *supra*, the computation of the time to be served concurrently started on October 6, 2000, the date on which the 98-009 sentence was imposed, and not on the date the defendant was arrested to face charges in Criminal Case No. 97-082.

19. From June 4, 1997 through October 6, 2000, the defendant was housed at MDC Guaynabo pursuant to federal charges in Criminal Case No. 97-082. Thus, contrary to the defendant's arguments in the nunc pro tunc motion, the time that he spent in detention prior to October 6, 2000 cannot be credited towards the sentence in the instant case, as it would amount to a double credit proscribed by 18 U.S.C. § 3585.

20. In light of the above, we respectfully move the Court to deny the defendant's nunc pro tunc motion, as he is not entitled to relief under the applicable statutes, case law and BOP policies. As the government has shown, the defendant failed to exhaust administrative remedies; and even if he had exhausted the available remedies, the defendant used an inappropriate vehicle

to challenge the denial of prior custody time credit. Finally, the defendant is not entitled to credit toward his 98-009 sentence for time spent in custody serving the 97-082 sentence.

**WHEREFORE**, the United States of America respectfully moves this Court to deny the defendant's Motion Requesting Order to Enter a Nunc Pro Tunc Amendment.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on this     day of February, 2006.

H.S. GARCIA
United States Attorney


*s/ Sonia Torres*
Sonia Torres
USDC No. 209310
United States Attorney's Office
Chardón Tower, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Tel: (787) 766-5656
Fax: (787) 766-5398
Email: sonia.torres@usdoj.gov


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this     day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the defendant, Orlando Rosa-Rodríguez.

*s/ Sonia Torres*
Assistant United States Attorney