**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIM. NO. 98-009 (CCC) |
| V. | <u>DEFENDANT #10</u> |
| **ORLANDO ROSA RODRIGUEZ** | |
| Defendant | |

**MOTION FOR LEAVE TO REPLY TO DOCKET 601 AND REPLY THERETO**

TO THE HONORABLE COURT:

Now comes the above-captioned defendant through his undersigned counsel and respectfully states and prays as follows:

1. Mr. Rosa respectfully submits that the arguments and allegations belatedly made in docket 601 entitled ""United States of America's Response in Opposition to Defendant's Motion Requesting Order to Enter a *Nunc Pro tunc* Amendment" merit a reply in support of his original motion seeking an amendment to the amended judgment rendered in the captioned case.

2. Mr. Rosa respectfully prays for leave to file this motion and for the Honorable Court to consider and grant the remedies sought by him in this reply.

3. The prosecution filed docket 601 to oppose defendant's request for a "nunc pro tunc" amendment to the sentence imposed in this case. It mistakenly relies on the remedy exhaustion requirement of the Prison Litigation Reform Act, 42 U. S. C. Sec. 1997e(a). ("[N] o action shall be brought with respect to **prison conditions under section 1983 of this title**, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such remedies as are available are exhausted.").

4. Mr. Rosa Rodríguez's request before the Honorable Court is not about prison conditions, health, physical abuse, and unhealthy food or about any type of claim under 42 U. S. C. Section 1983. Therefore such argument should be summarily denied.

5. As to the alternative argument relying on 18 U. S. C., Section 3585 Mr. Rosa respectfully submits that the Honorable Court under Guideline 5G1.3© has the discretion to impose a concurrent, partially concurrent or a consecutive sentence in its implementation of the sentencing factors in 18 USC, Sec. 3553(a). See: U. S. v. Caldwell, 358 F.3d 138, 144-145 (1st Cir.2004) and Application notes 3(a) and (d) to Guideline 5G1.3(c).

6. Mr. Rosa respectfully reiterates that:

a) The amended sentence imposed on May 21, 2002 and entered on July 9, 2002 (docket #551) was the result of a Rule 35 motion filed by the prosecution in Docket #549 with AUSA Sonia Torres's approval,

b) The defendant was incarcerated at MDC Guaynabo ever since June 4, 1997 and that the time he spent at MDC Guaynabo from said date until Judge Casellas's Sentence imposed on May 11, 1999 (23 months and seven days), was not credited and cannot be credited under federal law to his two concurrent sentences being served at this time unless a "nunc pro tunc" amendment is made to the sentence in this case for the terms to run concurrently and to have the time credited.

c) AUSA Sonia Torres Agreed to Joint Request for Extension For Purposes of Rule 35 considerations and to consolidate Cases for This Purpose (See: Docket # 38)

7. Furthermore, the prosecution moved for reductions of the defendant's sentences under Guidelines 5k1.1 and FRCrimP Rule 35 and has undeniably stood by the concurrency ordered in both sentences. The defendant respectfully submits that the prosecution by filing motions under both guideline 5k1.1 and rule 35 (seeking concurrence for both sentences) in this case totally lost

its unilateral power to judge or decide what the defendant's sentence should be and turned over such discretion and power to the Honorable Court. It cannot now come to oppose what is the result of its own decision to plead that Mr. Rosa serve both sentences concurrently.

8. Amending the sentence *nunc pro tunc* as requested would make his sentences fully concurrent and in the context and spirit of giving the defendant the **privilege of serving each day a portion of each sentence "**earned" by him and recognized and awarded by the prosecution in its 5k1.1 and rule 35 motions.

9. Again, the concurrency expressed in both sentences denotes the intent and language ordering that Mr. Rosa Rodriguez be credited for the time he has been in federal custody since Judge Casellas sentenced him on May 14, 1999.

10. According to the Honorable Court's wise discretion under 18 USC, Sec. 3553(a) and Guideline 5G1.3(c), in the spirit of the literal language of both sentences calling for concurrency with each other, and in the spirit of the consolidation of both cases ordered by this Honorable Court, Mr. Rosa Rodríguez respectfully prays that the Honorable Court issue an order to amend its May 21, 2002 (entered July 9, 2002) Amended Judgment in the captioned case so that its issuance and effectiveness regarding the concurrency with Cr. No. 97-082 (SEC) be made "nunc pro tunc" to May 14, 1999, the date of imposition of sentence in Cr. No. 97-082 by Hon. Salvador E. Casellas, SUSDJ.

WHEREFORE, pursuant to the spirit and contents of Rules 2 and 36 of the Federal Rules of Criminal Procedure, and in the interest of justice and the defendant's right to due process of law and assistance of counsel under the Fifth and Sixth Amendments to the United States constitution, he very respectfully prays that the prosecution's response in docket 601 be denied and that the request made in paragraph 8 above be granted.

4

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico this 23rd day of February 2006.

I HEREBY CERTIFY THAT ON THIS SAME DAY THIS MOTION HAS BEEN ELECTRONICALLY FILED THROUGH THE ECF SYSTEM WITH THE CLERK OF THE COURT.

S/ FRANK D. INSERNI MILAM
**FRANK D. INSERNI MILAM**
**USDC-PR 127807**
P O BOX 193748, HATO REY PR 00919-3748
TELEPHONES (787)-759-7572/763-3851/FAX: 787-763-5223
E-mail: finserni@prtc.net

motions\Rosa Rodriguez, O. reply to dckt 601 22306